Citation Nr: 1826259 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 11-34 032 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for right ear hearing loss. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J.A. Williams, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from May 1976 to August 1976 and again from November 2002 to October 2003. He also served with the Army National Guard of South Carolina from March 1976 to July 2010.

This matter came before the Board of Veterans' Appeals (Board) from a September 2010 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA). 

The Veteran testified at a hearing in July 2013 before the undersigned. A copy of the hearing is associated with the claims file. 

The Board remanded the claims in January 2015 and April 2017 for additional development. The Board finds that the RO substantially complied with the remand instructions and that any lack of compliance was cured by the subsequent remand. See D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict, compliance with the terms of a Board remand is required pursuant to Stegall v. West, 11 Vet. App. 268 (1998)). 

The Board also remanded the claims of entitlement to service connection for a low back disability, a left knee disability, and a bilateral foot disability. A September 2017 rating decision granted these claims. As such, they are no longer before the Board. 


FINDINGS OF FACT

The evidence is not sufficient to show that the Veteran had right ear hearing loss during the appeal period.





CONCLUSION OF LAW

The criteria for entitlement to service connection for right ear hearing loss have not been met. 38 U.S.C. § 1110, 5103, 5103A, 5107(b) (West 2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 3.385 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 5107; 38 C.F.R. 
§ 3.303. In order to establish service connection for a disability, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Moreover, pursuant to 38 C.F.R. § 3.309, where a veteran served continuously for ninety (90) days or more during a period of war, or during peacetime service after December 31, 1946, and a chronic disease becomes manifest to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. Bilateral sensorineural hearing loss is a chronic disease within the meaning of 38 C.F.R. §3.309. 

When a disease listed at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Sensorineural hearing loss is a chronic disease within the meaning of 38 C.F.R. §3.309. For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

"[W]hen audiometric test results at a veteran's separation from service do not meet the regulatory requirements for establishing a 'disability' at that time, he or she may nevertheless establish service connection for a current hearing disability by submitting evidence that the current disability is causally related to service." Hensley v. Brown, 5 Vet. App. 155, 160 (1993). The threshold for normal hearing is from zero to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Id. at 157.

The Veteran contends that he incurred right ear hearing loss, claimed as bilateral hearing loss, in service. Specifically, he reports his current right ear hearing loss is a result of firing weapons during active duty in Afghanistan between November 2002 and October 2003. However, in order to be considered for service connection, a claimant must first have a disability. 

As an initial matter, the Board finds that the Veteran's testimony regarding his in-service noise exposure to firearms during the course of his active military service to be competent and credible. 

As noted above, the first element of service connection requires evidence of a present disability. For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

Here, the medical evidence of record does not show that the Veteran had a right ear hearing loss disability within the meaning of VA regulations during the appeal period. In addition, the Veteran underwent several audiological examinations during his active and Reserve service and these reports, generally, do not show that the Veteran had right ear hearing loss as defined by 38 C.F.R. § 3.385

A September 2003 audiological examination, performed towards the conclusion of the Veteran's second period of active service, shows the following puretone thresholds:




HERTZ



500
1000
2000
3000
4000
RIGHT
25
25
25
20
20

An August 2004 audiogram showed the following showed the following puretone thresholds:




HERTZ



500
1000
2000
3000
4000
RIGHT
20
25
15
10
10


A December 2007 audiogram showed the following showed the following puretone thresholds:




HERTZ



500
1000
2000
3000
4000
RIGHT
20
25
25
20
20

The Veteran also showed 100 percent speech recognition in the right ear. 

A November 2015 private audiological evaluation showed the following pure tone thresholds, in decibels:




HERTZ



500
1000
2000
3000
4000
RIGHT
20
20
35
32
30

Speech audiometry revealed speech recognition ability of 100 percent in the right ear.

As the foregoing evidence shows that the Veteran's hearing loss levels did not meet the requirements of 38 C.F.R. § 3.385 during the appeal period, he does not fulfill the current disability element for service connection. 

The probative evidence of record indicates that the Veteran does not have a current right ear hearing loss disability. In order to be considered for service connection, a claimant must first have a disability. In Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992), the Court of Appeals for Veterans Claims (Court) noted that Congress specifically limited entitlement for service-connected disease or injury to cases where such incidents had resulted in a disability. The Court has held that this requirement "is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim and that a claimant may be granted service connection even though the disability resolves prior to the Secretary's adjudication of the claim." McClain v. Nicholson, 21 Vet. App. 319, 321 (2007); but see Romanowsky v. Shinseki, 26 Vet. App. 289, 293-94 (2013) (holding that "when the record contains a recent diagnosis of a disability prior to a veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency."). As such, service connection for right ear hearing loss is not warranted. 

The Board recognizes that the Veteran is competent to report his hearing difficulty. However, the Veteran's statements are not competent to establish that he had a right ear hearing loss disability, which by regulation must be shown by official audiometry. The preponderance of the evidence of record is therefore against the service connection claim for a bilateral hearing loss disability. See 
38 U.S.C. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990).


ORDER

Entitlement to service connection for right ear hearing loss is denied. 


____________________________________________
L. BARNARD
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs